NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SARAH E. GERDES (Cal. Bar No. 306015)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4699
     Facsimile: (213) 894-0141
     E-mail:    sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00108-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S UNOPPOSED <u>EX PARTE</u> <u>APPLICATION TO CONTINUE THE TRIAL</u> <u>DATE AND EXCLUDE TIME UNDER THE</u> <u>SPEEDY TRIAL ACT; DECLARATION OF</u> <u>SARAH E. GERDES; PROPOSED ORDER</u> |
| v. | |
| KENNETH PETTY, | |
| Defendant. | **NEW TRIAL DATE:       6/16/2020** |
| | **PRE-TRIAL CONFERENCE:  6/1/2020** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Gerdes, hereby applies <u>ex parte</u> to continue the trial date and exclude time under the Speedy Trial Act.

    This application is based upon the attached memorandum of points and authorities, the attached declaration, the files and

records in this case, and such further evidence and argument as the Court may permit.

```
 Dated: April 27, 2020           Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 SARAH E. GERDES
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case is currently set for trial on April 28, 2020. For the reasons set forth below, the government respectfully requests that the Court continue the trial date in this matter and make findings as to excludable time.

On or about April 9, 2020, the parties began discussing the need to continue the trial date. On April 27, 2020, defendant KENNETH PETTY's ("defendant") attorney, Andrew M. Stein, informed me that defense counsel would not oppose an ex parte application to continue the trial date, but that his client, defendant, opposes a trial continuance.

**II.   Background**

On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court subsequently continued that suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District

of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-044 (March 31, 2020).

These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2.

On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel is prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers have been ordered to cease

operations. Id. ¶ 2. The California Governor has ordered all California schools closed through the end of the academic year.

On March 29, 2020, the Court entered another General Order, in which it found that "emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Central District of California." C.D. Cal. General Order No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings (March 29, 2020).

As these orders reflect, the novel coronavirus pandemic is a global emergency that is unprecedented in modern history. As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus is spreading through the United States community at an alarming rate. See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. The death toll, across the world, is staggering.

**III. DISCUSSION**

Here, the time between April 28, 2020 and June 16, 2020 should be excluded under the Speedy Trial Act.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the

3

charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. Id. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

The time between April 28, 2020 and June 16, 2020 should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

Although General Order 20-02 addresses district-wide health concerns and makes Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are necessary in this case. See General Order 20-02 at 2 ¶ 4. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. Zedner v. United States, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Moreover, any such failure generally cannot be harmless. Id. at 509.

Judged by the plain language of the Speedy Trial Act, the General Order requires specific supplementation here. Specifically, ends-of-justice continuances are excludable only if "the judge

4

granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. The period must also be "specifically limited in time." United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

As the above facts reflect, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. See Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mt. St. Helens); accord United States v. Stallings, 701 F. App'x 161, 170-71 (3d Cir. 2017) (prosecutor had "family emergency"); United States v. Hale, 685 F.3d 522, 533-36 (5th Cir. 2012) (case agent had "catastrophic family medical emergency"); United States v. Scott, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (a "paralyzing blizzard"; informant also hospitalized).

Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. As the California governor, the Los Angeles mayor, and this Court's own General Orders have recognized, we are in the midst of a grave

public-health emergency requiring people to take extreme measures to limit contact with one another.  In addition to concerns for prospective jurors' health and the ability of the Court to obtain-- and maintain--an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The closure of public schools through the end of the academic year will require a significant number of jurors to be unavailable to handle child-care responsibilities.
- It will be almost impossible for jurors--particularly jurors over 65--to maintain adequate social distance during jury selection, trial, and deliberations. Indeed, to leave their homes such jurors would violate the recommendations of the Centers for Disease Control and multiple other public-health authorities.
- This trial involves witnesses who must travel, putting themselves and others at risk.  Specifically, Senior Inspector Roy Wright with the U.S. Marshals Service must travel from New York in order to attend proceedings.
- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for

6

pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

In addition, the time between April 28, 2020 and June 16, 2020 should also be excluded from the Speedy Trial Act given the unavailability of an essential witness.  18 U.S.C. § 3161(h)(3)(A). As mentioned above, Roy Wright, a necessary witness and Senior Inspector with the U.S. Marshals Service, would need to travel from New York to attend proceedings.  By traveling for the trial, Senior Inspector Wright would be operating in contradiction to state and local health orders restricting travel.  Thus, although Senior Inspector Wright's whereabouts are known, he cannot appear and is unavailable for trial, even with the exercise of due diligence.  <u>See generally</u> <u>United States v. Burrell</u>, 634 F.3d 284, 290-93 (5th Cir. 2005) (discussing standard).  The relevant time, therefore, should also be excluded under § 3161(h)(3)(A).

**IV.   CONCLUSION**

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. §§ 3161(h)(3)(A), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).  However, nothing in the Court's order should preclude a finding that other provisions of the

//
//
//
//

7

Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Dated: April 27, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
SARAH E. GERDES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF SARAH E. GERDES**

I, Sarah E. Gerdes, declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of <u>United States v. Kenneth Petty</u>, CR No. 20-00108-MWF. I make this declaration in support of the government's <u>ex parte</u> application to continue the trial date and exclude time under the Speedy Trial Act. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. Recently and in response to public health concerns posed by the coronavirus, personnel in my office, as well as victim-witness specialists, have been encouraged to telework to minimize personal contact to the greatest extent possible at this time. Trial preparation for this matter will involve close contact with witnesses, which is inconsistent with my understanding of the current advice from the Centers from Disease Control.

3. I am personally aware that witness Roy Wright, a necessary witness and Senior Inspector with the U.S. Marshals Service, would need to travel from New York to California to attend trial. By traveling for the trial, Senior Inspector Wright would be operating in contradiction to state and local health orders restricting travel.

4. On or about April 9, 2020, the parties began discussing the need to continue the trial date. On April 27, 2020, defendant's attorney, Andrew M. Stein, informed me that defense counsel would not oppose an <u>ex parte</u> application to continue the trial date, but

that his client, defendant KENNETH PETTY, opposes a trial continuance.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 27, 2020.

                                         /s/
                                   SARAH E. GERDES