1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   SARAH E. GERDES (Cal. Bar No. 306015)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4699
7       Facsimile: (213) 894-0141
        E-mail:    sarah.gerdes@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 20-00108-MWF

13            Plaintiff,             STIPULATION REGARDING REQUEST FOR
                                     (1) CONTINUANCE OF TRIAL DATE AND
14            v.                     (2) FINDINGS OF EXCLUDABLE TIME
                                     PERIODS PURSUANT TO SPEEDY TRIAL
15  KENNETH PETTY,                   ACT

16            Defendant.             **CURRENT TRIAL DATE:**   6/16/2020
                                     **PROPOSED TRIAL DATE:**  9/15/2020
17

18

19       Plaintiff United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California and Assistant United States Attorney Sarah E. Gerdes, and

22  defendant KENNETH PETTY ("defendant"), both individually and by and

23  through his counsel of record, Andrew M. Stein and Joseph A. Markus,

24  hereby stipulate as follows:

25       1.   The Indictment in this case was filed on February 25, 2020.

26  Defendant first appeared before a judicial officer of the court in

27  which the charges in this case were pending on March 4, 2020.  The

28

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

2  trial commence on or before May 13, 2020.

3      2.    On March 4, 2020, the Court set a trial date of April 28,

4  2020.

5      3.    Defendant is released on bond pending trial.  The parties

6  estimate that the trial in this matter will last approximately two to

7  three days.

8      4.    The Court has previously continued the trial date in this

9  case from April 28, 2020 to June 16, 2020, and found the interim

10 period to be excluded in computing the time within which the trial

11 must commence, pursuant to the Speedy Trial Act.

12     5.    By this stipulation, defendant moves to continue the trial

13 date to September 15, 2020 and the pretrial conference to August 31,

14 2020.

15     6.    Defendant requests the continuance based upon the following

16 facts, which the parties believe demonstrate good cause to support

17 the appropriate findings under the Speedy Trial Act:

18         a.    Defendant is charged with a violation of 18 U.S.C.

19 § 2250(a): Failure to Register as a Sex Offender.  The government has

20 produced discovery to the defense, including over 700 pages of

21 reports, video and audio recordings, and other discovery.

22         b.    Defense counsel represent that they are counsel of

23 record for the following matters, but that the trial dates are in

24 flux given the ongoing COVID-19 crisis: (1) an attempted murder case

25 where the defendant pleaded not guilty by reason of insanity (People

26 v. Lopez, case number PA089768 (L.A. Superior Court)); (2) a two-

27 defendant special circumstances murder case with a one-month trial

28 estimate (People v. Garrett, case number NA104691 (L.A. Superior

2

1 │ Court)); (3) a death penalty case with a two-month trial estimate

2 │ (People v. Fick, case number KA114652 (L.A. Superior Court)); (4) a

3 │ two-defendant murder case (People v. Peralta, case number NA104375

4 │ (L.A. Superior Court)); (5) a death penalty case with a one-month

5 │ trial estimate (People v. Vargas, case number BA475854 (L.A. Superior

6 │ Court)); and (6) a four-defendant drug case (United States v.

7 │ Villegas, 19-CR-00568-AB (C.D. Cal.)).  Accordingly, counsel

8 │ represents that they will not have the time that they believe is

9 │ necessary to prepare to try this case on the current trial date.

10 │          c.    On March 13, 2020, following the President's

11 │ declaration of a national emergency in response to COVID-19, the

12 │ Court entered a General Order suspending jury selection and jury

13 │ trials scheduled to begin before April 13, 2020.  C.D. Cal. General

14 │ Order No. 20-02, In Re: Coronavirus Public Emergency, Order

15 │ Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  The

16 │ Court subsequently continued that suspension through June 1, 2020.

17 │ C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public

18 │ Emergency, Further Order Concerning Jury Trials and Other Proceedings

19 │ (Apr. 13, 2020).

20 │          d.    Also on March 13, 2020, the Court imposed health- and

21 │ travel-related limitations on access to Court facilities.  C.D. Cal.

22 │ General Order No. 20-03, In Re: Coronavirus Public Emergency, Order

23 │ Concerning Access to Court Facilities (March 13, 2020).  On March 19,

24 │ 2020, by Order of the Chief Judge, the Court instituted its

25 │ Continuity of Operations Plan ("COOP"), closing all Central District

26 │ of California courthouses to the public (except for hearings on

27 │ criminal duty matters) and taking other emergency actions.  C.D. Cal.

28 │ Order of the Chief Judge No. 20-042 (March 19, 2020).  On March 29

1   and 31, recognizing COVID-19's continued spread in the community, the

2   Court took further action: implementing video-teleconference and

3   telephonic hearings and suspending all grand-jury proceedings.  C.D.

4   Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-

5   044 (March 31, 2020).

6            e.    These orders were imposed based on (1) the California

7   Governor's declaration of a public-health emergency in response to

8   the spread of COVID-19, as well as (2) the Centers for Disease

9   Control's advice regarding reducing the possibility of exposure to

10  the virus and slowing the spread of the disease.  See General Order

11  20-02, at 1.  The Chief Judge has recognized that, during the COVID-

12  19 crisis, all gatherings should be limited to no more than 10 people

13  and elderly and other vulnerable people should avoid person-to-person

14  contact altogether.  See Order of the Chief Judge No. 20-042, at 1-2.

15           f.    On March 19, 2020, both Los Angeles Mayor Eric

16  Garcetti and California Governor Gavin Newsom issued emergency orders

17  requiring residents to "stay home," subject to limited exceptions.

18  California Executive Order N-33-20 (March 19, 2020); accord Safer at

19  Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1

20  (March 19, 2020).  Subject to similarly limited exceptions, all

21  travel was prohibited.  Safer At Home ¶ 4.  Non-essential businesses

22  requiring in-person attendance by workers were ordered to cease

23  operations.  Id. ¶ 2.  The California Governor ordered all California

24  schools closed through the end of the academic year.

25           g.    On March 29, 2020, the Court entered another General

26  Order, in which it found that "emergency conditions due to the COVID-

27  19 virus outbreak will materially affect the functioning of the

28  courts within the Central District of California."  C.D. Cal. General

1   Order No. 20-043, In Re: Coronavirus Public Emergency, Use of Video

2   and Telephonic Conference Technology in Certain Criminal Proceedings

3   (March 29, 2020).

4           h.   On May 13, 2020, Mayor Garcetti revised the March 19,

5   2020 Safer at Home Order, removing the May 15, 2020 end date and

6   providing no set end date.  See Safer at Home, Public Order Under

7   City of Los Angeles Emergency Authority (updated May 13, 2020),

8   available at

9   https://www.lamayor.org/sites/g/files/wph446/f/page/file/20200513%20M

10  ayor%20Public%20Order%20SAFER%20AT%20HOME%20ORDER%202020.03.19%20%28R

11  EV3%202020.05.13%29X.pdf.

12          i.   Moreover, during a Board of Supervisors meeting on May

13  12, 2020, Los Angeles County Public Health Director Dr. Barbara

14  Ferrer acknowledged that Los Angeles County's stay-at-home orders

15  will "with all certainty" be extended for another three months.  See

16  Colleen Shalby & Sarah Parvini, "L.A. County Could Keep Stay-At-Home

17  Orders In Place Well Into Summer, Depending On Conditions," L.A.

18  Times (May 12, 2020), https://www.latimes.com/california/story/2020-

19  05-12/coronavirus-beaches-reopen-los-angeles-county-move-toward-new-

20  normal.  Official public health guidance continues to evolve on a

21  near daily basis.

22          j.   As these orders reflect, the novel coronavirus

23  pandemic is a global emergency that is unprecedented in modern

24  history.  As data from both the Centers for Disease Control and the

25  California Department of Public Health reflect, the virus is

26  spreading through the United States community at an alarming rate.

27  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for

28  Disease Control and Prevention (updated daily), available at

1  https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-

2  us.html; Coronavirus Disease 2019 (COVID-19), California Department

3  of Public Health (updated daily), available at

4  https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019

5  .aspx.   The death toll, across the world, is staggering.

6          k.   As the above facts reflect, the ends of justice amply

7  justify excludable time here.  Pandemic, like natural disaster or

8  other emergency, grants this Court the discretion to order an ends-

9  of-justice continuance.  "Although the drafters of the Speedy Trial

10 Act did not provide a particular exclusion of time for such public

11 emergencies (no doubt failing to contemplate, in the more innocent

12 days of 1974, that emergencies such as this would ever occur), the

13 discretionary interests-of-justice exclusion" certainly covers this

14 situation.  United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y.

15 2001) (addressing September 11 attacks); see Furlow v. United States,

16 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial

17 exclusion after eruption of Mount St. Helens); accord United States

18 v. Stallings, 701 F. App'x 161, 170-71 (3d Cir. 2017) (same, after

19 prosecutor had "family emergency"); United States v. Hale, 685 F.3d

20 522, 533-36 (5th Cir. 2012) (same, where case agent had "catastrophic

21 family medical emergency"); United States v. Scott, 245 F. App'x 391,

22 394 (5th Cir. 2007) (same, after Hurricane Katrina); United States v.

23 Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (same, after a

24 "paralyzing blizzard" and the informant was hospitalized).

25          l.   Under these unusual and emergent circumstances, denial

26 of a continuance is likely to deny counsel for defendant reasonable

27 time necessary for effective preparation, taking into account the

28 exercise of due diligence.

1          m.   In light of the foregoing, counsel for defendant also

2  represent that additional time is necessary to confer with defendant,

3  conduct and complete an independent investigation of the case,

4  conduct and complete additional legal research including for

5  potential pretrial motions, review the discovery and potential

6  evidence in the case, and prepare for trial in the event that a

7  pretrial resolution does not occur.

8          n.   Specifically, defense counsel represent that due to

9  the ongoing COVID-19 health crisis, defense counsel has not been able

10  to obtain documents from the New York Supreme Court and the New York

11  Department of Parole necessary to prepare the defense.  Defense

12  counsel represent that failure to grant the continuance would deny

13  them reasonable time necessary for effective preparation, taking into

14  account the exercise of due diligence.

15         o.   Defendant believes that failure to grant the

16  continuance will deny him continuity of counsel and adequate

17  representation.

18         p.   The government does not object to the continuance.

19         q.   The requested continuance is not based on congestion

20  of the Court's calendar, lack of diligent preparation on the part of

21  the attorney for the government or the defense, or failure on the

22  part of the attorney for the Government to obtain available

23  witnesses.

24     7.   For purposes of computing the date under the Speedy Trial

25  Act by which defendant's trial must commence, the parties agree that

26  the time period of June 16, 2020 to September 15, 2020, inclusive,

27  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

28  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a

1  continuance granted by the Court at defendant's request, without

2  government objection, on the basis of the Court's finding that:

3  (i) the ends of justice served by the continuance outweigh the best

4  interest of the public and defendant in a speedy trial; (ii) failure

5  to grant the continuance would be likely to make a continuation of

6  the proceeding impossible, or result in a miscarriage of justice; and

7  (iii) failure to grant the continuance would unreasonably deny

8  defendant continuity of counsel and would deny defense counsel the

9  reasonable time necessary for effective preparation, taking into

10 account the exercise of due diligence.

11      8.   Nothing in this stipulation shall preclude a finding that

12 other provisions of the Speedy Trial Act dictate that additional time

13 periods be excluded from the period within which trial must commence.

14 Moreover, the same provisions and/or other provisions of the Speedy

15 Trial Act may in the future authorize the exclusion of additional

16 time periods from the period within which trial must commence.

17      IT IS SO STIPULATED.

18 Dated: May 28, 2020                Respectfully submitted,

19                                    NICOLA T. HANNA
                                      United States Attorney
20
                                      BRANDON D. FOX
21                                    Assistant United States Attorney
                                      Chief, Criminal Division
22

23                                    _____/s/_____
                                      SARAH E. GERDES
24                                    Assistant United States Attorney

25                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
26

27

28

8

1       I am KENNETH PETTY's attorney.  I have carefully discussed every

2   part of this stipulation and the continuance of the trial date with

3   my client.  I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than September 15, 2020 is

7   an informed and voluntary one.

8

                                            5/28/2020

9   ANDREW M. STEIN                              Date
    JOSEPH A. MARKUS

10  Attorneys for Defendant
    KENNETH PETTY

11

12

13      I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date, and give up

16  my right to be brought to trial earlier than September 15, 2020.  I

17  understand that I will be ordered to appear in Courtroom 5A of the

18  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

19  August 31, 2020 at 1:30 p.m. for the pretrial conference and on

20  September 15, 2020 at 8:30 a.m. for trial.

21                                         5-28-2020
    KENNETH PETTY

22  Defendant                               Date

23

24

25

26

27

28