1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   SARAH E. GERDES (Cal. Bar No. 306015)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4699
7       Facsimile: (213) 894-0141
        E-mail:    sarah.gerdes@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10               UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 20-00108-MWF

13            Plaintiff,             STIPULATION REGARDING REQUEST FOR
                                     (1) CONTINUANCE OF TRIAL DATE AND
14                 v.                (2) FINDINGS OF EXCLUDABLE TIME
                                     PERIODS PURSUANT TO SPEEDY TRIAL
15  KENNETH PETTY,                   ACT

16            Defendant.             **CURRENT TRIAL DATE:**    9/15/2020
                                     **PROPOSED TRIAL DATE:**   2/23/2021
17

18

19       Plaintiff United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California and Assistant United States Attorney Sarah E. Gerdes, and

22  defendant KENNETH PETTY ("defendant"), both individually and by and

23  through his counsel of record, Andrew M. Stein, Joseph A. Markus, and

24  Meghan A. Blanco, hereby stipulate as follows:

25       1.   The Indictment in this case was filed on February 25, 2020.

26  Defendant first appeared before a judicial officer of the court in

27  which the charges in this case were pending on March 4, 2020.  The

28

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 13, 2020.

2.   On March 4, 2020, the Court set a trial date of April 28, 2020.

3.   Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately two to three days.

4.   The Court has previously continued the trial date in this case from April 28, 2020 to September 15, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, defendant moves to continue the trial date to February 23, 2021 and the pretrial conference to February 8, 2021.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 18 U.S.C. § 2250(a): Failure to Register as a Sex Offender.  The government has produced discovery to the defense, including over 700 pages of reports, video and audio recordings, and other discovery.

b.   Defense counsel represent that they are counsel of record for the following matters: (1) People v. Lazenby, case number BA458564, a two-defendant murder case with gang allegations and multiple robbery counts with a trial estimate of two to three months that is currently set for trial on January 19, 2021; People v. Lepe, case number BA453010, a two-defendant drug conspiracy case with a trial estimate of ten days that is currently set for trial on

February 19, 2021; and (3) People v. Vargas, case number BA475854, a
four-defendant special circumstance murder case with a trial estimate
of four to five weeks that is currently set for trial on February 24,
2021.  Accordingly, counsel represents that they will not have the
time that they believe is necessary to prepare to try this case on
the current trial date.

c.   As both the California governor and Los Angeles mayor
have recognized, California is in the midst of a grave public-health
emergency requiring people to take extreme measures to limit contact
with one another.  On March 4, 2020, as part of the state's response
to the global COVID-19 outbreak, Governor Gavin Newsom declared a
State of Emergency in California.  On March 19, 2020, Governor Newsom
declared a statewide lockdown to address the rapid spread of COVID-19
throughout the state.  Official public health guidance continues to
evolve on a near daily basis.

d.   On March 13, 2020, the Central District of California
entered a General Order suspending jury selection and jury trials
scheduled to begin before April 13, 2020.  C.D. Cal. General Order
No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury
Trials and Other Proceedings (March 13, 2020).  The same day, the
Court entered another General Order imposing health- and travel-
related limitations on access to Court facilities.  C.D. Cal. General
Order No. 20-03, In Re: Coronavirus Public Emergency, Order
Concerning Access to Court Facilities (March 13, 2020).  On March 19,
2020, by Order of the Chief Judge, the Court instituted its
Continuity of Operations Plan ("COOP"), closing all C.D. Cal.
courthouses to the public (except for hearings on criminal duty
matters) and taking other emergency actions though May 1, 2020.  C.D.

3

Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).

      e.  On March 29, 2020, by Order of the Chief Judge, the Court found "that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Central District of California." C.D. Cal. Order of the Chief Judge No. 20-043 (March 29, 2020).

      f.  On April 13, 2020, the Court extended the COOP through June 1, 2020. C.D. Cal. General Order 20-05 (April 13, 2020).

      g.  On May 28, 2020, the Court extended the activation of the COOP Plan through and including June 22, 2020. C.D. Cal. General Order 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court, at 2 (May 28, 2020). This extension order also set forth a plan for reopening, which is to occur in three phases. Phase 1 was to begin no earlier than June 1 and contemplated the return of certain staff to the courthouses to prepare for limited in-court hearings. Phase 2 was to begin no earlier than June 22, 2020, and contemplated reopening courthouses for limited in-court hearings. The last phase (Phase 3) contemplates the resumption of jury trials, but a date for commencement of this phase was not given.

      h.  On June 26, 2020, the Court extended the findings and authorizations in the Order of the Chief Judge 20-043 for an additional 90 days. C.D. Cal. Order of the Chief Judge No. 20-080, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 1 (June 26, 2020).

      i.  On August 6, 2020, the Court entered General Order 20-09, which supersedes General Order 20-08. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Order Concerning

1  Phased Reopening of the Court.  (Aug. 6, 2020).  The Order recognizes
2  (1) that "the number of people infected by [COVID-19], continues to
3  grow, with thousands of confirmed cases and deaths in the Central
4  District of California; and (2) the Centers for Disease Control and
5  Prevention and other public health authorities have advised the
6  taking of precautions to reduce the possibility of exposure to the
7  virus and slow the spread of the disease, including implementing
8  physical distancing and reducing the size of in-person gatherings."
9  Id. at 1.  In addition, with certain exceptions, the Courthouses will
10 be closed to the public, and until further notice, no jury trials
11 will be conducted in criminal cases.  Id. at 2-3.
12        j.  Specifically, in connection with the continued
13 suspension of criminal jury trials, the Court made the following
14 findings:

       The Center for Disease Control and Prevention has warned that
15     "in the coming months, most of the U.S. population will be
16     exposed to this virus."  The COVID-19 rates of infection,
       hospitalizations and deaths have significantly increased in the
17     Central District of California in the last thirty days such that
18     holding jury trials substantially increases the chances of
       transmitting the Coronavirus.  The Court concludes that
19     conducting jury trials would also likely place prospective
       jurors, defendant, attorneys, and court personnel at unnecessary
20     risk.  Therefore, the Court finds that suspending criminal jury
       trials in the Central District of California because of the
21     increase in reported COVID-19 infections, hospitalizations, and
22     deaths serves the ends of justice and outweigh the interests of
       the public and the defendants in a speedy trial.
23 Id.

24        k.  Under these unusual and emergent circumstances, denial
25 of a continuance is likely to deny counsel for defendant reasonable
26 time necessary for effective preparation, taking into account the
27 exercise of due diligence.
28

                                  5

1       l.    In light of the foregoing, counsel for defendant also

2   represent that additional time is necessary to confer with defendant,

3   conduct and complete an independent investigation of the case,

4   conduct and complete additional legal research including for

5   potential pretrial motions, review the discovery and potential

6   evidence in the case, and prepare for trial in the event that a

7   pretrial resolution does not occur.  Defense counsel represent that

8   failure to grant the continuance would deny them reasonable time

9   necessary for effective preparation, taking into account the exercise

10  of due diligence.

11      m.    Defendant believes that failure to grant the

12  continuance will deny him continuity of counsel and adequate

13  representation.

14      n.    The government does not object to the continuance.

15      o.    The requested continuance is not based on congestion

16  of the Court's calendar, lack of diligent preparation on the part of

17  the attorney for the government or the defense, or failure on the

18  part of the attorney for the Government to obtain available

19  witnesses.

20      7.    For purposes of computing the date under the Speedy Trial

21  Act by which defendant's trial must commence, the parties agree that

22  the time period of September 15, 2020 to February 23, 2021,

23  inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

24  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a

25  continuance granted by the Court at defendant's request, without

26  government objection, on the basis of the Court's finding that:

27  (i) the ends of justice served by the continuance outweigh the best

28  interest of the public and defendant in a speedy trial; (ii) failure

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 4, 2020            Respectfully submitted,

                                    NICOLA T. HANNA
                                    United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                    _____/s/_____
                                    SARAH E. GERDES
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

1      I am KENNETH PETTY's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than February 23, 2021 is an

7  informed and voluntary one.

8

    Date 9/10/20

9  ANDREW M. STEIN

10  JOSEPH A. MARKUS
    MEGHAN A. BLANCO
    Attorneys for Defendant

11  KENNETH PETTY

12

13      I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date, and give up

16  my right to be brought to trial earlier than February 23, 2021.  I

17  understand that I will be ordered to appear in Courtroom 5A of the

18  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

19  February 8, 2021 at 3:00 p.m. for the pretrial conference and on

20  February 23, 2021 at 8:30 a.m. for trial.

21

    Date 9-10-20

22  KENNETH PETTY
    Defendant

23

24

25

26

27

28