TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SARAH E. GERDES (Cal. Bar No. 306015)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4699
     Facsimile: (213) 894-0141
     E-mail:    sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00108-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| KENNETH PETTY, | |
| Defendant. | **CURRENT TRIAL DATE:** 2/23/2021<br>**PROPOSED TRIAL DATE:** 6/29/2021 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Gerdes, and defendant KENNETH PETTY ("defendant"), both individually and by and through his counsel of record, Meghan A. Blanco, Hagop Kuyumjian, and Michael A. Goldstein hereby stipulate as follows:

1. The Indictment in this case was filed on February 25, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2020. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before May 13, 2020.
3       2.   On March 4, 2020, the Court set a trial date of April 28,
4  2020.
5       3.   Defendant is released on bond pending trial.  The parties
6  estimate that the trial in this matter will last approximately two to
7  three days.
8       4.   The Court has previously continued the trial date in this
9  case from April 28, 2020 to February 23, 2021, and found the interim
10 period to be excluded in computing the time within which the trial
11 must commence, pursuant to the Speedy Trial Act.
12      5.   By this stipulation, defendant moves to continue the trial
13 date to June 29, 2021, and the pretrial conference to June 14, 2021.
14      6.   Defendant requests the continuance based upon the following
15 facts, which the parties believe demonstrate good cause to support
16 the appropriate findings under the Speedy Trial Act:
17           a.   Defendant is charged with a violation of 18 U.S.C.
18 § 2250(a): Failure to Register as a Sex Offender.  The government has
19 produced discovery to the defense, including over 800 pages of
20 reports, video and audio recordings, and other discovery.
21           b.   Defense attorneys Hagop Kuyumjian and Michael A.
22 Goldstein substituted in as defense counsel on November 10, 2020.
23 They joined defense attorney Meghan A. Blanco who remained as defense
24 counsel on this case.  Defense attorney Meghan A. Blanco represents
25 that she is counsel of record for the following matters set for
26 trial:  (1) United States v. Krause, 20-CR-37-CAB (S.D. Cal.), a
27 border bust matter that was set for trial on January 21, 2021, but is
28 now scheduled to proceed when jury trials resume in the Southern

1  District of California; (2) United States v. Terry, 17-CR-577-ODW, an
2  international sex trafficking case that is set for trial on April 6,
3  2021; (3) United States v. Oliva, 19-CR-161-AB, a drug distribution
4  resulting in death case that is set for trial on June 11, 2021.
5  Defense attorney Hagop Kuyumjian represents that he is counsel of
6  record for the following major felony matters:  (1) People v. Meeks,
7  Case No. BA474722, a child torture/child abuse case; (2) People v.
8  Talley, Case No. LA090855, a multiple rape counts case; (3) People v.
9  Dews, Case No. SA102818, a murder case; and (4) People v. Wong, Case
10 No. GA108719, a vehicular manslaughter case.  Defense attorney
11 Michael A. Goldstein represents that he is counsel of record for the
12 following matters set for trial:  (1) People v. Bryn Spejcher,
13 Ventura Case No. 2018018798, a homicide case with a pretrial
14 conference set for March 9, 2021; (2) People v. Jose Gutierrez, Case
15 No. LAO92035, a three-defendant homicide case set for a pretrial
16 conference on February 18, 2021; (3) People v. Alvin Morales, Case
17 No.  LA093486, an attempted murder case set to be scheduled for
18 trial.  Accordingly, counsel represents that they will not have the
19 time that they believe is necessary to prepare to try this case on
20 the current trial date.
21        c.   In light of the foregoing, counsel for defendant also
22 represent that additional time is necessary to confer with defendant,
23 conduct and complete an independent investigation of the case,
24 conduct and complete additional legal research including for
25 potential pretrial motions, review the discovery and potential
26 evidence in the case, and prepare for trial in the event that a
27 pretrial resolution does not occur.  Defense counsel represent that
28 failure to grant the continuance would deny them reasonable time

3

1 necessary for effective preparation, taking into account the exercise
2 of due diligence.
3    d. Defendant believes that failure to grant the
4 continuance will deny him continuity of counsel and adequate
5 representation.
6  7. Defendant also requests the continuance based upon the
7 following facts related to the COVID-19 pandemic, which the parties
8 also believe demonstrate good cause to support the appropriate
9 findings under the Speedy Trial Act:
10    a. On March 13, 2020, following the President's
11 declaration of a national emergency in response to COVID-19, the
12 Court entered a General Order suspending jury selection and jury
13 trials.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public
14 Emergency, Order Concerning Jury Trials and Other Proceedings (Mar.
15 13, 2020).  The Court renewed that suspension, until a "date to be
16 determined," on August 6, 2020.  C.D. Cal. General Order No. 20-09,
17 In Re: Coronavirus Public Emergency, Further Order Concerning Jury
18 Trials and Other Proceedings (Aug. 6, 2020).  To this day, "[j]ury
19 trials remain suspended."  See C.D. Cal. Order of the Chief Judge No.
20 20-186, In Re: Coronavirus Public Emergency, Use of Video and
21 Telephonic Conference Technology in Certain Criminal Proceedings
22 (Dec. 17, 2020); C.D. Cal. Order of the Chief Judge No. 20-179, In
23 Re: Coronavirus Public Emergency, Activation of Continuity of
24 Operations Plan, at 3 (Dec. 7, 2020); C.D. Cal. Order of the Chief
25 Judge No. 21-002, In Re: Coronavirus Public Emergency, Extension of
26 Continuity of Operations Plan, at 2 (Jan. 6, 2021).
27    b. Also on March 13, 2020, the Court imposed health- and
28 travel-related limitations on access to Court facilities.  C.D. Cal.

General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020); see C.D. Cal. Order of the Chief Judge No. 20-186 (December 17, 2020) ("extend[ing] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated").

      c.    On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend. General Order No. 20-09, at 2-3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public Emergency Order Concerning Reopening of the Southern Division, at 2 (Sept. 14, 2020). However, on December 7, 2020, following "an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan. Order of the Chief Judge No. 20-179, at 1-2. Pursuant to the COOP Plan, grand jury proceedings have been suspended and court facilities are once again closed to the public except for hearings on certain criminal duty matters, through and including January 29,

2021. Order of the Chief Judge No. 20-179, at 2-3; Order of the Chief Judge No. 21-002, at 2. The Court's recent orders, issued in response to a surge in COVID-19 cases, once again close all courthouses in the district to the public except for hearings on criminal duty matters. Order of the Chief Judge No. 20-179 at 2; Order of the Chief Judge No. 21-002, at 1-2. On January 27, 2021, the Court issued a Notice of Expiration of COOP stating that limited operations, including the resumption of grand jury proceedings, will resume on February 1, 2021, but that jury trials will not be conducted in criminal cases until further notice.

       d.    The Court's orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2. The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]" General Order 20-09, at 1.

       e.    Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at

Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

        f.    On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricted business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the entire Central District, fell below 15% as soon as the Regional Stay at Home Order went into effect. Order of the Chief Judge No. 20-179, at 2. When the COOP Plan was extended on January 6, 2021, ICU availability in the Southern California region was at 0.0%. Order of the Chief Judge 21-002, at 1.

        g.    As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history. As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate. See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/

coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

   h. Based on these facts, the Court's August 6, 2020 General Order found that the suspension of criminal jury trials was necessary to protect public health, reduce the size of public gatherings, and reduce unnecessary travel.  General Order 20-09, at 1.  The Court determined that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus" and would "place prospective jurors, defendant[s], attorneys, and court personnel at unnecessary risk."  Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.

   i. The Central District of California thus far has not adopted any protocols for safely conducting jury trials.  See id.  Holding trial or requiring trial preparation to occur before the COVID-19 pandemic is adequately addressed would pose grave health risks to jurors, venirepersons, court staff, the parties, and their counsel.

  8. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

9.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 23, 2021 to June 29, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//
//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 27, 2021             Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                           /s/
                                    _____
                                    SARAH E. GERDES
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I am KENNETH PETTY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 29, 2021 is an informed and voluntary one.

_____   1-28-2021
MEGHAN A. BLANCO                  Date
HAGOP KUYUMJIAN
MICHAEL A. GOLDSTEIN
Attorneys for Defendant
KENNETH PETTY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 29, 2021. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 14, 2021 at 3:00 p.m. for the pretrial conference and on June 29, 2021 at 8:30 a.m. for trial.

_____   1 29 21 
KENNETH PETTY                     Date
Defendant

11