TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SARAH E. GERDES (Cal. Bar No. 306015)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4699
     Facsimile: (213) 894-0141
     E-mail:    sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00108-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| KENNETH PETTY, | |
| Defendant. | **CURRENT TRIAL DATE:**  6/29/2021<br>**PROPOSED TRIAL DATE:**  8/10/2021 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Gerdes, and defendant KENNETH PETTY ("defendant"), both individually and by and through his counsel of record, Meghan A. Blanco, Hagop Kuyumjian, and Michael A. Goldstein hereby stipulate as follows:

1.   The Indictment in this case was filed on February 25, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2020.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 13, 2020.

2. On March 4, 2020, the Court set a trial date of April 28, 2020.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three days.

4. The Court has previously continued the trial date in this case from April 28, 2020 to June 29, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to August 10, 2021, and the pretrial conference to August 2, 2021.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

 a. Defendant is charged with a violation of 18 U.S.C. § 2250(a): Failure to Register as a Sex Offender. The government has produced discovery to the defense, including over 800 pages of reports, video and audio recordings, and other discovery.

 b. Defense attorneys Hagop Kuyumjian and Michael A. Goldstein substituted in as defense counsel on November 10, 2020. They joined defense attorney Meghan A. Blanco who remained as defense counsel on this case. Defense attorney Meghan A. Blanco represents that she is counsel of record for the following matters: (1) _People v. Carter_, Case No. BAF1800027, an attempted murder case that is set for trial on June 7, 2021; (2) _United States v. Terry_, 17-CR-577-ODW,

1 an international sex trafficking case that is set for trial on July
2 27, 2021; and (3) United States v. Chavez, 18-CR-173-GW, a RICO case
3 that is set for trial on August 10, 2021.  Defense counsel Hagop
4 Kuyumjian represents that he is one of the attorneys of record for
5 the following matters: (1) People v. Gozukara, Case No. VA147662, a
6 murder case with a preliminary hearing setting on August 17, 2021;
7 (2) People v. Dews, Case No. SA102818, a three-defendant murder case
8 set for pretrial conference on June 24, 2021; (3) People v. Talley,
9 Case No. LA090855, a multiple-count rape case with a preliminary
10 hearing setting on June 30, 2021; and (4) People v. Meeks, Case No.
11 BA474722, a child torture/abuse case set for pretrial conference on
12 July 22, 2021.  Defense attorney Michael A. Goldstein represents that
13 he is counsel of record for the following matters: (1) People v.
14 Cannon, Case No. KA123944, a two-defendant attempted murder case set
15 for pretrial conference on June 22, 2021; (2) People v. Spejcher,
16 Case No. 2018018798, a murder case set for pretrial conference on
17 June 24, 2021; and (3) People v. Gutierrez, Case No. LAO92035, a
18 three-defendant attempted murder case set for trial on June 25, 2021.
19 Accordingly, counsel represents that they will not have the time that
20 they believe is necessary to prepare to try this case on the current
21 trial date.
22       c.   In light of the foregoing, counsel for defendant also
23 represent that additional time is necessary to confer with defendant,
24 conduct and complete an independent investigation of the case,
25 conduct and complete additional legal research including for
26 potential pretrial motions, review the discovery and potential
27 evidence in the case, and prepare for trial in the event that a
28 pretrial resolution does not occur.  Defense counsel represent that

failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  7. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 29, 2021 to August 10, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 4, 2021                     Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SARAH E. GERDES
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am KENNETH PETTY's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 10, 2021 is an informed and voluntary one.

/s/ (per email authorization)          June 4, 2021
_____      _____
MEGHAN A. BLANCO                       Date
HAGOP KUYUMJIAN
MICHAEL A. GOLDSTEIN
Attorneys for Defendant
KENNETH PETTY

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 10, 2021.  I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on August 2, 2021 at 3:00 p.m. for the pretrial conference and on August 10, 2021 at 8:30 a.m. for trial.

/s/ (per email authorization)          June 4, 2021
_____      _____
KENNETH PETTY                          Date
Defendant