TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SARAH E. GERDES (Cal. Bar No. 306015)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4699
    Facsimile: (213) 894-0141
    E-mail:   sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00108-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| KENNETH PETTY, | |
| Defendant. | **CURRENT TRIAL DATE:** 8/10/2021<br>**PROPOSED TRIAL DATE:** 10/26/2021 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Gerdes, and defendant KENNETH PETTY ("defendant"), both individually and by and through his counsel of record, Meghan A. Blanco, Hagop Kuyumjian, and Michael A. Goldstein hereby stipulate as follows:

    1.   The Indictment in this case was filed on February 25, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2020. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before May 13, 2020.
3       2.   On March 4, 2020, the Court set a trial date of April 28,
4  2020.
5       3.   Defendant is released on bond pending trial.  The parties
6  estimate that the trial in this matter will last approximately two to
7  three days.
8       4.   The Court has previously continued the trial date in this
9  case from April 28, 2020 to August 10, 2021 and found the interim
10 period to be excluded in computing the time within which the trial
11 must commence, pursuant to the Speedy Trial Act.
12      5.   By this stipulation, defendant moves to continue the trial
13 date to October 26, 2021, and the pretrial conference to October 18,
14 2021.
15      6.   Defendant requests the continuance based upon the following
16 facts, which the parties believe demonstrate good cause to support
17 the appropriate findings under the Speedy Trial Act:
18           a.   Defendant is charged with a violation of 18 U.S.C.
19 § 2250(a): Failure to Register as a Sex Offender.  The government has
20 produced discovery to the defense, including over 800 pages of
21 reports, video and audio recordings, and other discovery.
22           b.   Defense attorney Meghan A. Blanco represents that she
23 is counsel of record for the following matters: (1) United States v.
24 Julio Garcia-Venya, 01-CR-2052-GPC, a large-scale drug trafficking
25 trial set for August 17, 2021; (2) United States v. Rosio Acosta, 21-
26 CR-279-AJB, a border-bust case set for trial August 31, 2021; and
27 (3) People v. Santiago, GA104289, a first-degree murder case set for
28 trial on August 26, 2021.  Defense counsel Hagop Kuyumjian represents

that he is one of the attorneys of record for the following matters: (1) People v. Meeks, Case No. BA474722, a child torture/abuse case set for pretrial conference on September 9, 2021; (2) People v. Talley, Case No. LA090855, a multiple-count rape case with a preliminary hearing setting on August 13, 2021; (3) People v. Dews, Case No. SA102818, a three-defendant murder case set for pretrial conference on August 10, 2021; and (4) People v. Gozukara, Case No. VA147662, a murder case with a preliminary hearing setting on August 17, 2021. Defense attorney Michael A. Goldstein represents that he is counsel of record for the following matters: (1) People v. Cannon, Case No. KA123944, a two-defendant attempted murder case set for trial on August 3, 2021; and (2) People v. Spejcher, Case No. 2018018798, a murder case set for pretrial conference on August 17, 2021. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

7. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 10, 2021 to October 26, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 27, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
_____
SARAH E. GERDES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am KENNETH PETTY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 26, 2021 is an informed and voluntary one.

/s/ (per email authorization)                    7/28/2021
_____              _____
MEGHAN A. BLANCO                                 Date
HAGOP KUYUMJIAN
MICHAEL A. GOLDSTEIN
Attorneys for Defendant
KENNETH PETTY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than October 26, 2021. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on October 18, 2021 at 3:00 p.m. for the pretrial conference and on October 26, 2021 at 8:30 a.m. for trial.

/s/ (per email authorization)                    7/28/2021
_____              _____
KENNETH PETTY                                    Date
Defendant